■ In the Matter of the Claim of LIPOT TEITLEBAUM, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— AULISI, J. Appeal from a decision of the Unemployment Insurance Appeal Board which charged claimant with an overpayment which is recoverable. Claimant filed for benefits effective April 16, 1962 which established his base period April 17, 1961 through April 15, 1962. Upon information furnished by claimant an initial determination of 19 weeks of employment was made resulting in ineligibility. Claimant disputed this and a revised determination crediting him with 20 weeks was made. Benefits were then paid in the amount of $787.50. Later investiga-

tion revealed that during the base period some of the claimed employment was concurrent, with more than one employer in the same week. A new initial determination was made that claimant had insufficient weeks to qualify, had been overpaid and that said overpayment was recoverable. In fact, claimant had only 12 weeks of employment in his base period and later investigation showed that he had collected 39 weeks of benefits during said period. Claimant does not contest the determination finding him ineligible for benefits but only the decision that the payments are recoverable. He cites subdivision 4 of section 597 of the Labor Law which provides that such payments are not recoverable if accepted " by the claimant in good faith and the claimant did not make any false statement or representation and did not wilfully conceal any pertinent fact in connection with his claim for benefits." It is his contention that the local office miscalculated; that he made no false statements; and that he believed he had sufficient weeks to qualify. Claimant has a long history of applying for and receiving unemployment benefits. The testimony shows he was aware that 20 weeks of employment were necessary to qualify and that if he worked for two employers in one week he could only receive credit for one week. In addition, as to the matter of credibility, evidence of claimant's criminal record was introduced together with the fact that he had filed for previous benefits under different names. The board concluded that claimant had not acted in good faith and had made fraudulent and false statements when he claimed 20 weeks of employment in his base period when he knew he only had 12 weeks and he willfully concealed that he had collected benefits for 39 weeks during this period. Although the initial payments were made through the laxness of the unemployment office and the Industrial Commissioner failed to collect and present all the evidence until the board hearing, we cannot say as a matter of law that the board erred. There is substantial evidence to support its determination. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.