■ In the Matter of the Claim of MICHAEL WALSHON, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 3, 1975, which reversed the decision of a referee and modified the initial determination of the Industrial Commissioner by holding that claimant was disqualified from receiving benefits effective April 19, 1975 because he lost his employment through misconduct in connection therewith. Though the divergent testimony of the employee's supervisor and the claimant presented a question of fact as to whether claimant was discharged or left his employment voluntarily, there is no question but that the claimant refused to carry out a reasonable term of his employment. The board found that this deportment on the part of claimant constituted misconduct because there was no compelling reason for the claimant's refusal. Since the determination as to whether or not a claimant is guilty of misconduct is a factual one and solely within the province of the board, it must be upheld, if supported by substantial evidence (Matter of Lester [Catherwood], 30 AD2d 1025). We find such evidence here. Decision affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of JON SPIRSON, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 2, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits because he was not totally unemployed and charging him with an overpayment of $1,292 in benefits ruled recoverable. The record contains ample evidence that claimant was actively engaged as a 50% partner in a music publishing enterprise and, accordingly, the board could properly conclude that claimant was not totally unemployed during the period at issue (Matter of Carasso [Catherwood], 23 AD2d 935). Similarly, the board could find that the benefits claimant accepted had not been received in good faith and were, therefore, recoverable (Matter of Teitlebaum [Catherwood], 26 AD2d 711). While claimant, on December 11, 1974, indicated in response to a question on the original claim form that he was engaged in a business or other activity that "brings in or may bring in income", at no time from then until May 7, 1975 did he reveal he engaged in any activity for the publishing enterprise despite almost continued daily effort on its behalf. Instead he certified that for each and every day during this entire period he did no work "at all" when the board could find he knew such was not, in fact, the case. Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Main and Reynolds, JJ., concur.